**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| LOUIS  CULBERTSON  and  JO  ELLEN  CULBERTSON, | ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) |
| vs. | )   CIVIL NO.  05-404-GPM <br> ) |
| NICHOLAS  R.  BROVIAK,  IMEDCO  AMERICA G.P., L.L.C., and  IMEDCO-AMERICA, LTD., | ) <br> ) <br> ) <br> ) |
| Defendants. | ) |

## <u>MEMORANDUM AND ORDER</u>

**MURPHY, Chief District Judge:**

　　This is not the first time this Court has seen Plaintiffs' claims.  They originally were filed in Madison County state court and were removed to this Court by Nicholas Broviak in civil case number 04-474-GPM.  Following Broviak's failure to establish the citizenship of Imedco America G.P., L.L.C., this Court remanded the action to Madison County.  The state court judge then transferred the case to Clark County, where Plaintiffs voluntarily dismissed their case.  They then filed this federal action.  It was randomly assigned to the Honorable William D. Stiehl, who recused and transferred the case to the undersigned because of having handled the earlier case.  Defendants Imedco America G.P., L.L.C., and Imedco America, Ltd., move to dismiss the action under Federal Rule of Civil Procedure 12(b) on the basis that Plaintiffs have engaged in forum shopping.  Because Plaintiffs fall woefully short in establishing this Court's subject matter jurisdiction, this action is dismissed without prejudice for lack of jurisdiction, and the Court lacks jurisdiction to consider the

Rule 12(b) motion.  *See Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003) ("inquiring whether the court has jurisdiction is a federal judge's first duty in every case").

In its July 21, 2004, Memorandum and Order, this Court cited *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998), and *Indiana Gas Company v. Home Insurance Company*, 141 F.3d 314 (7th Cir. 1998), and thoroughly explained that unincorporated business entities are treated as citizens of every state of which any partner or member is a citizen (case 04-474, Doc. 9).  Therefore, a party seeking to establish subject matter jurisdiction must identify the citizenship of each partner or member of such entities.  In their federal complaint, Plaintiffs allege that "Imedco America G.P., L.L.C. … is a limited liability corporation registered to do business in the State of Indiana" (case 05-404, Doc. 1, ¶ 4), and "Imedco-America Ltd. … is a Texas limited liability Partnership doing business in Indiana and Illinois" (*Id.* at ¶ 5).  Moreover, Plaintiffs allege that "Nicholas R. Broviak is an individual who resides in the State of Indiana" (*Id.* at ¶ 3).  All of these allegations are insufficient to establish the citizenship of Defendants.  *See Cosgrove*, 150 F.3d at 731; *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1070, 1074 (7th Cir. 1992) (per curiam) ("citizenship means domicile, not residence").

Plaintiffs were parties to the litigation when this Court spelled out the proper way to allege diversity of citizenship, yet they failed to do so in refiling their case.  "Litigants who call on the resources of a federal court must establish that the tribunal has jurisdiction, and when after multiple opportunities they do not demonstrate that jurisdiction is present, the appropriate response is clear."  *Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996); *see also Belleville Catering*, 350 F.3d at 692 ("Once again litigants' insouciance toward the requirements of federal

jurisdiction has caused a waste of time and money.").  This action is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

     **IT IS SO ORDERED.**

     DATED:  01/17/06

                     s/ G. Patrick Murphy
                     G. PATRICK MURPHY
                     Chief United States District Judge